FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2011 MAY -2 PM 3:41

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | |
|---|---|---|
| LARRY POPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) CASE NO. | 2 11 CV 158 |
| | ) | |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Larry Pope ("Pope"), by and through his attorneys, Gregory R. Lyman and Jeremy J. Butler of BURKE COSTANZA & CARBERRY LLP, brings this action against the Defendant, Lincoln National Life Insurance Company ("Lincoln"), and for his causes of action states:

## JURISDICTION

1. Pope alleges that his claims "relate to" an "employee welfare benefit Plans" as defined by the Employee Retirement Income Security Act (hereafter referred to as "ERISA"), 29 U.S.C.A.§§ 1001 *et seq.*, and that the subject Plans constitute "Plans under ERISA." Therefore, Plaintiff alleges that this court's jurisdiction is invoked pursuant to 29 U.S.C.A. §1132(a) (1)(B) and (e)(1).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this District and therefore resides in this District.

1

## PARTIES

3. Pope is now and was at all times mentioned in this Complaint a resident of Porter County, Indiana.

4. Lincoln is an insurance company that provided a Long Term Disabilities benefits plan and extended death benefits pursuant to the Life Insurance Plans (both plans are hereinafter referred to as "Plans") to the employees of McDaniel Fire Systems, LLC (Employer). A copy of each plan is attached hereto as Exhibit "A."

## FACTUAL BACKGROUND

5. Pope was a participant in the Plans as a full time salaried employee, and on or about January 8, 2008, Pope stopped working because of disability and applied for short term disability benefits from his Employer. The Employer found he was disabled and granted the disability benefits. When these benefits were exhausted, Pope applied for long term disability benefits with Lincoln pursuant to the terms of Plans.

6. Pope's disability resulted from his underlying health conditions which include suffering from and receiving treatment for chronic lymphocytic leukemia, small lymphocytic lymphoma, congestive heart failure, coronary artery disease, and fatigue related to these conditions.

7. On or about June 19, 2008, Lincoln approved Pope for long term disability benefits and extended death benefits under the related group Life Insurance Plans.

8. Lincoln directed Pope to apply for and seek Social Security Disability benefits as a part of continued eligibility under the Plans. Lincoln provided an attorney for Pope to seek SSD benefits.

9. On September 1, 2009 Pope received an award from SSI which determined he was "unable to engage in any gainful employment". A copy of that award is attached as Exhibit "B."

10. Lincoln received a payout from Pope's SSI back award of $25,022.60 when he was approved for disability benefits by the Social Security Administration.

11. Several months after Lincoln received the payout from Pope's SSD award, Lincoln inexplicably cut off disability benefits paid under its policy to Pope even though his disability and underlying health conditions had not changed and certainly had not improved.

12. The standard for Social Security Disability is more stringent than the standard under Lincoln's Plans. Even though Social Security had determined that Pope could not engage in any gainful employment, Lincoln suddenly determined Pope could perform the duties of his normal occupation.

13. In a letter dated March 23, 2010, Lincoln stated that Pope would no longer receive long term disability benefits after April 7, 2010. A copy of that letter is attached as Exhibit "C."

14. On or about March 31, 2010, Lincoln also stated that Pope would no longer be provided Life Insurance or extended death benefits because he did not meet the definition of "Totally Disabled" under the Plans. A copy of that letter is attached as Exhibit "D."

15. Pope timely filed his first appeal of Lincoln's denial of his benefits under the Plans. The basis of Pope's appeal was that he was disabled pursuant to the definition of the Plans, including among other points, that his condition had not changed or improved since Lincoln found him disabled under the Plans, and that Lincoln ignored the medical evidence, the medical evidence of his treating physicians, as well as the findings of the Social Security Administration in rendering its determination.

16. Lincoln denied Pope's first appeal on or about October 29, 2010. A copy of this letter is attached as Exhibit "E." In arriving at its conclusion Lincoln relied on a medical report obtained after the appeal was filed by a physician outside of the state who had never examined Pope. This report had not been provided to Pope prior to this decision even though Pope had requested all records from Lincoln.

17. Pope requested the report and timely filed his second appeal under the terms of Lincoln's Plans once again providing additional medical evidence that Pope was entitled to long term disability and extended death benefits.

18. In a letter dated March 9, 2011, Lincoln denied Pope's second appeal. In arriving at its conclusion this time Lincoln relied on a medical report from a different physician who it hired after the filing of the second appeal who once again had not examined Pope.

19. Pope has exhausted all appeals under the terms of the Plans. A copy of the denial letter confirming Pope's exhaustion of his rights to appeal is attached to this Complaint as Exhibit "F."

20. Lincoln was the funding source of the Plans, as insurance provider. Lincoln was the decision maker for each phase of the cut-off of benefits and each level of appeal. Lincoln made the decision to cut-off benefits. Lincoln made the decision to deny the first appeal. Lincoln made the decision to deny the second appeal. There was no appeal independent of Lincoln provided under the terms of the Plans. Lincoln had a "conflict of interest" in this process.

21. The Employer, the sponsor of the Plans, declared bankruptcy after Plaintiff began receiving disability benefits.

22. On information and belief, Employer stopped paying insurance premiums after filing bankruptcy.

## COUNT I

### FOR RECOVERY OF PLANS BENEFITS PURSUANT TO U.S.C. §1132(a)(1)(B)

23.     Pope hereby incorporates the allegations contained in rhetorical paragraphs 1 through 22 of his Complaint as if set forth fully herein.

24.     Under the terms of the Plans, Lincoln found Pope was totally disabled, as that term is defined in the Plans, and entitled to long term disability benefits and an extension of death benefits.

25.     From the date Lincoln found Pope was totally disabled and entitled to benefits to the date Lincoln cut-off benefits, nothing changed in Pope's disability and his underlying health conditions did not improve.

26.     Lincoln's abrupt and illogical decision to revoke Pope's benefits constitutes a breach of the Plans. Pope seeks reimbursement and compensation for any and all benefits he would have received as a result of Lincoln's failure to provide coverage in an amount presently unknown, but to be set forth at the time of trial.

27.     Lincoln's cut-off of benefits is particularly egregious in light of the fact that Lincoln instructed Pope to obtain SSD benefits, obtained an attorney for him to do so, received a payout from the Social Security Administration when it approved Pope for disability benefits, and then abruptly terminated Pope's benefits under the Plans a few months later.

28.     Lincoln ignored medical evidence from Pope's treating physicians that establishes Pope is totally disabled as that term is defined in the Plans when it cut-off benefits.

29.     Lincoln ignored the decision from social security even though the social security standard or disability is more stringent than the disability standard provided under the terms of the Plans.

30. Lincoln's reasons for cut-off of benefits shifted at each stage of the proceedings. As each reason was refuted and shown to be inconsistent and illogical in the appeal process, Lincoln changed the outside medical reports it relied upon. None of these reports existed at the time benefits were cut-off in April 2010. Each was obtained to rationalize a decision already made.

31. Lincoln was motivated by economic factors rather than Plaintiff's medical condition and disability in making its decision to cut-off benefits.

32. The circumstances of this case require the court to review Lincoln's decision and this process on a "de novo" standard of review. Although Lincoln is not entitled to the lesser standard of review in this appeal, Lincoln has arbitrarily and capriciously and breached the obligations set forth in the Plans.

33. Pope is entitled to retroactive reinstatement of benefits from the date of cut-off, April 7, 2010, under the terms of the Plans.

34. Pope has suffered and will continue to suffer in the future, damages under the Plans, plus interest and other damages for a total amount to be determined at the time of trial.

35. Pope is entitled to benefits and prejudgment interest at the appropriate rate.

36. Pope seeks all other proper relief under the Plans and the law.


## COUNT II

### FOR THE AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. §1132(g)

37. Pope incorporates the allegations contained in rhetorical paragraphs 1 through 36 of his Complaint as if set forth fully herein.

6

38.   29 U.S.C.§1132(g)(1) authorizes this Court to award reasonable attorney's fees and costs of this action to either party and costs of the action to either party in an ERISA action.

39.   As a result of the actions and failings of Lincoln, Pope has retained the services of legal counsel and has necessarily incurred attorney's fees and costs in prosecuting this action. Further, Pope anticipates incurring additional attorney's fees and costs in hereafter pursuing this action, all in a final amount which is currently unknown. Pope, therefore, requests an award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, Larry Pope, respectfully requests judgment as follows:

a.  For a declaration regarding Lincoln's noncompliance with the minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

b.  For benefits payable under the Plans to reimburse Pope for payments that Plaintiff has been entitled to receive;

c.  For future benefits payable under the Plans that Pope is entitled to receive;

d.  For an award of prejudgment interest;

e.  For an award of reasonable attorney's fees pursuant to 29 U.S.C. §1132(g)(1);

f.  For costs incurred;

g.  For reinstatement of both Pope's long term disability benefits and extended death benefits; and

h.  For such other and further relief as the Court deems appropriate.

Respectfully submitted:

BURKE COSTANZA & CARBERRY LLP
Attorneys for Larry Pope

_____
Gregory R. Lyman (8956-45)
Jeremy J. Butler (26289-71)
9191 Broadway
Merrillville, IN 46410
219-769-1313
Fax 219-769-6806
Email: lyman@bcclegal.com
butler@bcclegal.com

8